UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LEONARD DOYLE ROGERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:09CV16 HEA |
| | ) | |
| AMALGAMATED | ) | |
| TRANSIT UNION LOCAL 788, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Leonard Doyle Rogers for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is

immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff seeks monetary relief and reinstatement of his employment in this 42 U.S.C. § 2000e-5 action against defendant Amalgamated Transit Union Local 788.

Upon review of this Court's records, it appears that plaintiff previously filed a Title VII action against Amalgamated Transit Union Local 788 on October 24, 2008, and that the case presently is pending in this Court. See Rogers v. Amalgamated Transit Union Local 788, No. 4:08-CV-1649-HEA (E.D.Mo.). Moreover, it appears that the allegations set forth in the instant complaint arise out of the same facts and circumstances as those advanced in plaintiff's October 2008 complaint. As such, the

2

instant complaint will be dismissed, without prejudice, as legally frivolous and duplicative under § 1915(e)(2)(B). See Aziz v. Burrows, 976 F.2d 1158, 1158-59 (8th Cir. 1992); Van Meter v. Morgan, 518 F.2d 366, 368 (8th Cir. 1975) (per curiam).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is frivolous and duplicative under 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED** as moot.

An appropriate order of dismissal shall accompany this order and memorandum.

Dated this 2nd day of February, 2009.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE